UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

THOMAS C. WILLIAMS,

                Plaintiff,

-against-                                            3:24-CV-267 (LEK/ML)

BINGHAMTON UHS,

                Defendant.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Pro se Plaintiff Thomas C. Williams commenced this action against Defendant Binghamton UHS on February 23, 2024. Dkt. No. 1 ("Complaint"). Plaintiff also filed a motion for leave to proceed in forma pauperis ("IFP"), Dkt. No. 2, which was denied as incomplete, Dkt. No. 5. Plaintiff then filed a second motion for leave to proceed IFP. Dkt. No. 9 ("IFP Motion").

On July 3, 2024, the Honorable Miroslav Lovric, United States Magistrate Judge, issued a report and recommendation reviewing the Complaint for sufficiency pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. Dkt. No. 11 ("Report and Recommendation"). In the Report and Recommendation, Judge Lovric granted the IFP Motion and recommended that the Complaint be dismissed for failure to allege a claim upon which relief can be granted. *Id.* at 10–11. Plaintiff did not file an objection to the Report and Recommendation.

For the reasons discussed below, the Report and Recommendation is approved and adopted in its entirety.

II.     **BACKGROUND**

The Court assumes familiarity with the facts alleged in the Complaint as discussed in the Report and Recommendation. *See* R. & R. at 2.

In the Report and Recommendation, Judge Lovric found that Plaintiff met the standard for proceeding IFP because he was unable to pay the filing fee. *Id.* at 2–3. Judge Lovric then recommended two grounds for dismissal of the Complaint. First, Judge Lovric determined that the Complaint failed to comply with Federal Rules of Civil Procedure 8 and 10 because it failed to include a plain statement of the case "and because Plaintiff's claim or claims against Defendant are entirely unclear." *Id.* at 5.

Second, Judge Lovric noted fundamental flaws with each of Plaintiff's claims as stated in the Complaint. Judge Lovric construed the Complaint as stating claims under 42 U.S.C. § 1983 but noted that Plaintiff had not alleged that Defendant is a state actor capable of being sued under that statute. *Id.* at 6–7 (collecting cases). Similarly, while Judge Lovric noted that Plaintiff had asserted claims under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, Plaintiff had not alleged that he has a disability recognized under that statute. *Id.* at 7. Finally, Judge Lovric noted that any claims brought by Plaintiff under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.*, would fail because Plaintiff has not alleged an employment relationship between himself and Defendant. *Id.* at 8. Accordingly, Judge Lovric recommended that Plaintiff's claims be dismissed without prejudice and with leave to amend. *Id.* at 9–10.

III.     **LEGAL STANDARD**

"Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1)(C); *see also* L.R.

72.1(b). "When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a '*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *Walker v. Artus*, 998 F. Supp. 2d 18, 24 (N.D.N.Y. 2014) (citing 28 U.S.C. § 636(b)(1)). However, if no objections are made, a district court need only review a report and recommendation for clear error. *See DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) ("The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record."). Clear error "is present when upon review of the entire record, the court is left with the definite and firm conviction that a mistake has been committed." *Rivera v. Fed. Bureau of Prisons*, 368 F. Supp. 3d 741, 744 (S.D.N.Y. 2019) (cleaned up). Upon review, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

**IV.   DISCUSSION**

Plaintiff did not file objections to the Report and Recommendation within fourteen days of its filing. While Plaintiff did file a letter on August 26, 2024, Dkt. No. 20 ("Letter"), the Letter was not filed within fourteen days of the Report and Recommendation and does not address any of Judge Lovric's recommendations or the claims made in the Complaint. Accordingly, Plaintiff has waived any objections to the Report and Recommendation.

Since no party objected to the Report and Recommendation, the Court reviews for clear error. *See DiPilato*, 662 F. Supp. 2d at 339. Having found none, the Court approves and adopts the Report and Recommendation in its entirety.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report and Recommendation, Dkt. No. 11, is **APPROVED and ADOPTED**; and it is further

**ORDERED**, that the Complaint, Dkt. No 1, is **DISMISSED without prejudice**; and it is further

**ORDERED**, that Plaintiff has forty-five (45) days from the date of this Memorandum-Decision and Order is entered to file an amended complaint that will supersede the existing Complaint; and it is further

**ORDERED**, that, if no amended complaint is filed, the Clerk of the Court shall dismiss this case without prejudice and without further order of the Court; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    September 30, 2024
          Albany, New York

LAWRENCE E. KAHN
United States District Judge